UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

UYLA M. MILLS,

                              Plaintiff,

      - against -

MITEQ, INC., ARTHUR FAVERIO, NASEER
SHAIKH, JEANINE CORRAO, SARAH GRUARIN,

                              Defendants.
----------------------------------------------------------X

06-CV-0752 (SJF) (AKT)

OPINION AND ORDER

FEUERSTEIN, J.

I.     Introduction

       Plaintiff *pro se* Uyla M. Mills ("Plaintiff") brings this action against Miteq, Inc. ("Miteq"), Jeanine Corrao, Naseer Shaikh, Sarah Gruarin and Arthur Favario (collectively, the "Individual Defendants," and, with Miteq, the "Defendants"), alleging defamation and employment discrimination on the basis of religion in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to e-17 ("Title VII"). Defendants move for partial dismissal of the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Defendants seek dismissal of Plaintiff's claims of discrimination against Arthur Favario ("Favario") and defamation against all Defendants. For the reasons stated herein, the motion is granted.

II.     Facts and Procedural History

       Plaintiff, hired by Miteq as an assembler in August 1989, alleges that she was subjected to discrimination from May to November 2005 and ultimately terminated on the basis

1

of her religion. Plaintiff filed three complaints of discrimination with the New York State Division of Human Rights ("NYSDHR"). In each of these complaints, Plaintiff alleged religious discrimination, disparate treatment and retaliation.

On February 21, 2006, Plaintiff commenced this action against Defendants, alleging religious discrimination. On March 9, 2006, this Court granted Plaintiff's application to proceed *in forma pauperis*.

On September 26, 2006, Plaintiff moved to amend her complaint. Plaintiff's motion to amend was referred to Magistrate Judge A. Kathleen Tomlinson. By Report and Recommendation dated September 14, 2007, Magistrate Judge Tomlinson recommended that Plaintiff's motion be (1) denied with leave to replead to the extent that it sought to add claims against the Individual Defendants for defamation, (2) denied to the extent that it sought to add claims against the Individual Defendants for invasion of privacy, (3) denied with leave to replead to the extent that it sought to add claims against Defendant Faverio for violations of the New York State Executive Law, Human Rights Law §290 *et seq.* ("NYSHRL"), and (4) granted to the extent it sought to add claims against Defendants Shaikh, Corrao and Gruarin for violations of NYSHRL.

On September 25, 2007, Plaintiff timely filed objections to Magistrate Judge Tomlinson's Report and Recommendation. By Order October 3, 2007, this Court adopted Magistrate Judge Tomlinson's Report and Recommendation in its entirety, and Plaintiff was granted leave to replead claims against the Defendants for defamation and against Defendant Faverio for violations of the NYSHRL.

On October 26, 2007, Plaintiff filed an Amended Complaint. By motion filed January 10,

2008, Defendants move to dismiss Plaintiff's claims of discrimination against Arthur Favario ("Favario") and defamation against all Defendants, pursuant to Fed. R. Civ. P. 12(b)(6).

III. Analysis

A. Standard

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir.1995) (internal quotations and citation omitted). In other words, "'the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York, 375 F.3d 168, 176 (2d Cir. 2004) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). However, in order to withstand a motion to dismiss, a complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007); Patane v. Clark, 508 F.3d 106, 111-112 (2d Cir. 2007).

B. Defamation

Under New York law, a defamation claim must allege: (1) a false and defamatory statement of fact; (2) regarding the plaintiff; (3) publication by defendant to a third party; and (4) injury to the plaintiff as a result thereof. See Weldy v. Piedmont Airlines, Inc., 985 F.2d 57, 61 (2d Cir. 1993). A defamation claim must set forth "the particular words complained of" and the

3

person or persons to whom the alleged defamatory comments were made. N.Y. C.P.L.R. § 3016(a); Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 763 (2d Cir.1990) (affirming dismissal of claim where plaintiff failed to "plead adequately the actual words spoken [or] publication"); Kissner v. Inter-Continental Hotels Corp.,1998 WL 337067, at *4 (S.D.N.Y. 1998); Gill v. Pathmark Stores, Inc., 655 N.Y.S.2d 623, 625 (2d Dept. 1997); Vardi v. Mutual Life Ins. Co. of N.Y., 523 N.Y.S.2d 95 (1st Dept. 1988); see also Jones v. Commerce Bank, N.A., 2006 WL 2642153, at * 4 (S.D.N.Y. 2006) (denying *pro se* plaintiff's motion to amend to assert defamation claim where plaintiff failed to identify to whom the false information was disseminated); Carchidi v. Kenmore Dev., 2001 WL 967569, at * 8 (W.D.N.Y. 2001) (denying pro se plaintiff's motion to amend complaint to assert defamation claim because plaintiff failed to "set forth allegedly defamatory material").

Plaintiff's defamation claim relies upon several documents attached to her Amended Complaint, including the Administrative Complaints she filed with NYSDHR (Amended Complaint ("Am. Compl."), Exhibits ("Exh.") 1-3), a Notice and Determination from the New York State Department of Labor denying Plaintiff's application for unemployment insurance benefits ("NYSDL Notice," Am. Compl. Exh. 7), a petition signed by Plaintiff's co-workers stating that Plaintiff was creating a "hostile environment" at work (the "Petition," Am. Compl. Exh. 14), and portions of Defendant Sara Gruarin's diary, in which she recorded the work performance of the staff she supervised (Am. Compl. Exh. 4-6 and 8-12).

To the extent Plaintiff relies on the NYSDL Notice to establish her defamation claim, "statements to the New York State Unemployment Compensation Division ... are privileged under New York law" and cannot constitute defamation. Horvitz v. Gioia, 1991 U.S. Dist.

4

LEXIS 15761 (S.D.N.Y. 1991); Norris v. Seatrain Shipbuilding Corp., 1992 U.S. Dist. LEXIS 6349 (S.D.N.Y. 1992) ("statements made to the New York State Unemployment Division ... are privileged, and the allegations set forth in support of this cause are insufficient to state a cause of action" for defamation); Noble v. Creative Technical Services, Inc., 511 N.Y.S.2d 51, 53 (2d Dept. 1987); see also Kitchner v. New York, 82 Misc. 2d 858, 860-61 (Ct. of Claims 1975).

Nor can Plaintiff rely upon the Petition of her co-workers to plead defamation. None of the signatories to the Petition is a named defendant. Therefore, even assuming that the statement that Plaintiff "has been creating a hostile environment" could be considered defamatory, it does not set forth a defamation claim against any of the Defendants. (Am. Compl. Exh. 14).

Insofar as Plaintiff claims that "Human resources falsif[ied] document (petition) accusing me of causing a hostile environment," (Am. Compl. p. 7) and accepting this allegation as true, Plaintiff has failed to allege that the document was published to a third party. "The mere receipt of an alleged libelous statement does not establish libel on the part of the person who receives the statement." McGill v. Parker, 582 N.Y.S.2d 91, 96 (1st Dept. 1992).

The excerpts from Defendant Gruarin's diary cannot support a defamation claim because Plaintiff has not identified a person to whom these statements were published, see Gill, 655 N.Y.S.2d, and because internal employment reviews cannot be the basis for a defamation claim. Ott v. Automatic Connector, Inc., 598 N.Y.S.2d 10, 11 (2d Dept. 1993) ("a defamation cause of action does not lie based on the allegations in the plaintiff's papers, as the unfavorable assessment of his work performance in the letter amounted to a nonactionable expression of opinion. An employer has the right to assess an employee's performance on the job without judicial interference."); Dillon v. City of New York, 704 N.Y.S.2d 1, 5 (1st Dept. 1999); Williams v.

Varig Brazilian Airlines, 169 A.D.2d 434, 438 (1st Dept. 1991).

Based upon the foregoing, Defendants' motion to dismiss Plaintiff's claims of defamation is granted. See Gill, 655 N.Y.S.2d at 625; Vardi, 523 N.Y.S.2d at 95; Jones, 2006 WL 2642153.

C. Faverio

Plaintiff's Amended Complaint names Arthur Faverio as a Defendant. Faverio is the president of Miteq, Inc. Individuals in supervisory positions are not subject to personal liability under Title VII. Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995). However, plaintiffs may sue individuals for employment discrimination under certain circumstances pursuant to NYSHRL. See N.Y. Exec. Law. §§ 296(1)(a) & (6); Tomka 66 F.3d at 1317; McNulty v. New York City Dep't of Fin., 941 F. Supp. 452, 458 (S.D.N.Y. 1996); see also Zhao v. State University of New York, 472 F. Supp.2d 289, 320 (E.D.N.Y. 2007); Russo-Lubrano v. Brooklyn Fed. Sav. Bank, No. CV 06-0672, 2007 U.S. Dist. LEXIS 2646 (E.D.N.Y. 2007); Payne v. Mount Hope Hous. Co., 2007 U.S. Dist. LEXIS 20983, 8-10 (S.D.N.Y. 2007); Leykis v. NYP Holdings, 899 F. Supp. 986, 994 (S.D.N.Y. 1995); Patrowich v. Chemical Bank, 63 N.Y.2d 541, 543 (N.Y. 1984).

In her Report and Recommendation, Magistrate Judge Tomlinson wrote:

> Plaintiff has alleged only that Faverio disregarded her complaints of discrimination and delegated authority to Defendant Corrao. These two allegations alone are insufficient to allege individual liability as to this Defendant. Given Plaintiff's *pro se* status, I am recommending to Judge Feuerstein that Plaintiff's proposed amendment as stated to assert a NYSHRL claim against Defendant Faverio be dismissed, but that Plaintiff be afforded one final opportunity to replead this claim, if she can, in light of the requirements to establish such a claim.

Report & Recommendation, p. 11

Despite having been afforded an opportunity to replead, Plaintiff again fails to make any specific factual allegations that would support a claim against Faverio pursuant to NYSHRL. Accordingly, Defendants' motion to dismiss Plaintiff's claim against Faverio is granted.

D.   Conflict of Interest

In her opposition to the instant motion, Plaintiff writes: "I find it necessary to ask and to find out if it's a conflict of interest that the company and persons that are being sued privately have the same lawyers and counsel[.]" (Plaintiff's Opposition ("Opp."), p. 2). To the extent Plaintiff wishes to raise the issue of possible conflicts, she may file a written motion within thirty (30) days from the date of this Order. Failure to so move will be deemed a waiver of this issue. Glueck v. Jonathan Logan, Inc., 653 F.2d 746, 748 (2d Cir. 1981) (a motion to disqualify opposing counsel for conflict of interests should be granted only if such conflict "poses a significant risk of trial taint"); Fierro v. Gallucci, 2007 WL 4287707, *3 -4 (E.D.N.Y. Dec. 4, 2007); see also Evans v. Artek Systems Corp., 715 F.2d 788, 794 (2d Cir. 1983) (the moving party bears the "heavy burden" of proving facts required for disqualification of opposing counsel for alleged conflicts of interest); Sea Tow Intern., Inc. v. Pontin, 2007 WL 4180679, *1 (E.D.N.Y. Nov. 19, 2007).

IV.   Conclusion

For the foregoing reasons, the Defendants' motion to dismiss is GRANTED.

The parties are directed to appear in Courtroom 1010 at the Central Islip Courthouse, 100 Federal Plaza, Central Islip, New York, on *March 7, 2008, at 11:15 am* for a settlement and/or scheduling conference with authority or persons with authority to resolve this action. Further, the parties are directed to engage in good faith settlement negotiations prior to the conference.

7

SO ORDERED.

                                                                            S/sjf
                                            SANDRA J. FEUERSTEIN
                                            United States District Judge

Dated: February 7, 2008
       Central Islip, New York

Copies to:

Uyla M. Mills, pro se                          Ana Shields & Marc Steven Wenger
1326 Illinois Ave                                   Jackson Lewis LLP
Bayshore, New York 11706              58 South Service Road
                                                  Suite 410
                                                  Melville, NY 11747